UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSEPH RAYMOND STEIB, SR., | CIVIL ACTION |
| VERSUS | NO: 24-2486 |
| HUNTINGTON INGALLS, INC., et al. | SECTION: T (5) |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion to Remand, R. Doc. 45, and Motion for Partial Summary Judgment Regarding Government Immunity Defenses, R. Doc. 59. For the following reasons, the motion to remand is **DENIED** and the motion for partial summary judgment is **GRANTED**.

## BACKGROUND

This is an alleged asbestos exposure case. The plaintiff, Joseph Raymond Steib, Sr. ("Plaintiff") worked at the Avondale Shipyards from 1968 to 2011. R. Doc. 1-2. He alleges his wife, Elaine Steib, developed and died from mesothelioma because she was exposed to asbestos dust from Plaintiff's work clothes and his personal vehicle. R. Doc. 1-2. Starting in the 1960s, Avondale constructed and refurbished ships at the Avondale Shipyards pursuant to contracts with the United States Navy, Coast Guard, and Maritime Administration. R. Doc. 1.

On August 1, 2024, Plaintiff filed a petition for damage against Huntington Ingalls, Inc. ("Avondale") and other defendants in the Civil District Court, Parish for Orleans. R. Doc. 1-2. In his petition, Plaintiff asserts that Avondale negligently failed to warn Plaintiff, his coworkers, or Decedent about the dangers of hazardous asbestos dust exposure. *Id.*

Avondale removed this action to federal court asserting federal officer jurisdiction under

1

28 U.S.C. § 1442(a)(1). R. Doc. 1. It invoked the affirmative defenses of government contractor immunity established by *Boyle v. United Techs. Corp.*, 487 U.S. 500 (1988), and the federal defense of derivative sovereign immunity as set forth in *Yearsley v. W.A. Ross. Construction Co.*, 309 U.S. 18 (1940). *Id.* Avondale argues it is entitled to such defenses because it was a federal government contractor required to install and/or use asbestos-containing products by contractual provisions and design specifications mandated by the federal government. *Id.*

On November 15, 2024, Plaintiff filed a motion to remand. R. Doc. 45. Plaintiff argues remand is warranted because Avondale is not entitled to the *Yearsley* and *Boyle* immunity defenses. *Id.* Avondale asserts it is entitled to removal under *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286 (2020). R. Doc. 53. Because federal officer removal only requires a mere colorable defense, Avondale argues this Court should follow its decision in *Thompson v. Huntington Ingalls, Inc.* and other sections which hold that Avondale presents a colorable *Boyle* defense and deny remand irrespective of whether Avondale can ultimately support the defense at summary judgment. *Id.* (citing No. CV 22-1365, 2023 WL 2624808 (E.D. La. Mar. 24, 2023) (Guidry, J)).

A month later, Plaintiff moved for partial summary judgment on Avondale's *Yearsley* and *Boyle* defenses. R. Doc. 59. He contends this Court should follow the many sections in this district which have consistently held that Avondale is not entitled to any immunity for claims related to its failure to warn of asbestos dust exposure or enact protective measures. *Id.* (citing *e.g.*, *LaGrange v. Eagle, Inc.*, 2024 WL 4107922, at *2 (E.D. La. Sept. 6, 2024) (Barbier, J.); *Crossland v. Huntington Ingalls, Inc.*, 635 F. Supp. 3d 491 (E.D. La. 2022) (Vance, J.); *Gomez v. Huntington Ingalls Inc.*, No. 23-CV-2850, 2024 WL 3496523 (E.D. La. July 22, 2024) (Papillion, J.); *Adams v. Eagle, Inc.*, No. 21-694, 2022 WL 4016749 (E.D. La. Sept. 2, 2022) (Morgan, J.); *Legendre v.*

*Louisiana Ins. Guar. Ass'n*, No. CV 22-1767, 2024 WL 1556842 (E.D. La. Apr. 10, 2024) (Fallon, J.)). As a threshold matter, Avondale argues this motion for partial summary judgment is premature and asks the Court deny it as such, or, alternatively, continue the motion to allow time for discovery. R. Doc. 61 at pp. 7–9. Next, Avondale asserts Plaintiff's claim goes beyond a mere failure-to-warn claim but includes allegations of "general negligence" and are thus distinguishable from Plaintiff's cited cases. *Id.* at pp. 18–20. Avondale independently argues such cited cases were wrongly decided. *Id.* at pp. 20–24.

Plaintiff argues Avondale is not entitled to a continuance because it has not identified any evidence it expects to uncover that would indicate the federal government controlled Avondale's ability to warn its employees about the dangers of asbestos. R. Doc. 65. Plaintiff also maintains its petition specifically disclaims any causes of action predicated on "exposure to asbestos dust" and "injuries resulting from any exposure to asbestos dust . . . or committed at the direction of any and all federal officers, or committed at the direction of an officer of the United States government." *Id.* at pp. 3–5 (citing R. Doc. 1-2 at p. 9). Rather, Plaintiff submits he has limited his negligence allegations against Avondale to only include failure-to-warn and enact adequate safety measures. *See* R. Doc. 1-2 at p. 17. Plaintiff concludes that Avondale's opposition is a mere regurgitation of rejected oppositions in other asbestos cases. R. Doc. 65 at pp. 5–8.

## **LAW & ANALYSIS**

The "general expectation [is] that federal courts address subject matter jurisdiction at the outset[.]" *Sangha v. Navig8 ShipManagement Priv. Ltd.*, 882 F.3d 96, 100 (5th Cir. 2018) (quoting *Sinochem Int'l Co. v. Malay. Int'l Shipping*, 549 U.S. 422, 436 (2007)). Keeping with this expectation, the Court addresses the motion to remand first.

3

1. **<u>Motion to Remand</u>**

Federal courts are courts of limited jurisdiction, possessing "only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Rasul v. Bush*, 541 U.S. 466, 289 (2004). While federal courts typically "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum[,]" they must resolve factual disputes in favor of retaining federal jurisdiction when evaluating removal under the federal officer removal statute. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001); *Ragusa v. Louisiana Ins. Guaranty Ass'n*, 573 F. Supp. 3d 1046, 1051 (E.D. La. Nov. 23, 2021) (citing *Schnexnayder v. Huntington Ingalls, Inc.*, No. 20-775, 2020 WL 3970159, at * 3 (E.D. La. July 14, 2020) (Milazzo, J.); *Louisiana v. Sparks*, 978 F.2d 226, 232 (5th Cir. 1992)).

28 U.S.C. § 1442(a)(1), the federal officer removal statute, makes removable a civil action commenced in a state court against "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office." Unlike the general removal statute, the federal officer removal statute includes cases "that ordinary federal question removal would not reach[.]" *Latiolais*, 951 F.3d at 290. However, a defendant must show: (1) it has asserted a colorable defense, (2) it is a 'person' within the meaning of the statute, (3) it has acted pursuant to a federal officer's directions, and (4) the charged conduct is connected or associated with an act pursuant to a federal officer's directions. *Id.* at 296 (citing *Winters v. Diamon Shamrock Chem. Co.*, 149 F.3d 387, 396-400 (5th Cir. 1998)). "[T]he federal officer removal statute is to be broadly construed in favor of a federal forum." *Williams v. Lockheed Martin Corp.*,

990 F.3d 852, 859 (5th Cir. 2021); *see also Latiolais*, 951 F.3d at 290 (the question whether to remand cases removed under the statute is weighed "without a thumb on the remand side of the scale.")

Avondale is entitled to removal under the federal officer removal statute. In *Latiolais*, the *en banc* Fifth Circuit explicitly held Avondale satisfied the conditions for removal now contested by Plaintiff: that Avondale asserted a "colorable federal defense" under *Boyle*, and that Avondale's failure to warn of the dangers of asbestos and prevent exposure was connected to the installation of asbestos in naval ships pursuant to the directions of governmental entities. *Id*. at 296–97. Almost every section of this district has come to the same conclusion.[1] This case is no exception.

First, Avondale asserts a colorable *Boyle* defense because Avondale's argument is not "wholly insubstantial or frivolous." *Latiolais*, 951 F.3d at 297 (citation omitted). Avondale argues plausibly that: (1) the federal government reasonably approved precise specifications for the construction of ships on which Plaintiff worked; (2) Avondale complied with those specifications; and (3) the government knew more than it about asbestos-related hazards and safety measures. *See, e.g.*, R. Docs. 53-1, 53-2 (sworn expert testimony on asbestos exposure at Avondale Shipyards); *see also Latiolais*, 951 F.3d at 297–98. It is easier to present a colorable defense than

---

[1]*See, e.g.*, *LeBoeuf v. Huntington Ingalls, Inc.*, No. CV 24-1695, 2025 WL 1403139, at *2 (E.D. La. May 15, 2025) (Vance, J.); *LeBlanc v. Huntington Ingalls Inc.*, No. CV 25-615, 2025 WL 1481961, at *3 (E.D. La. May 23, 2025) (Ashe, J.); *Thompson*, 2023 WL 2624808, at *2 (Guidry, J.); *Broussard v. Huntington Ingalls, Inc.*, No. CV 20-836, 2020 WL 2744583, at *4 (E.D. La. May 27, 2020) (Lemmon, J.); *Hernandez v. Huntington Ingalls, Inc.*, No. CV 19-14685, 2020 WL 1864874, at *1 (E.D. La. Apr. 14, 2020) (Zainey, J.); *Becnel v. Lamorak Ins. Co.*, No. CV 19-14536, 2020 WL 5587666, at *6 (E.D. La. Sept. 18, 2020) (Lemelle, J.); *Goffner v. ANCO Insulations, Inc.*, No. CV 22-3047, 2022 WL 17352321, at *6 (E.D. La. Dec. 1, 2022) (Morgan, J.); *Falgout v. Anco Insulations, Inc.*, No. 2:21-CV-1443, 2021 WL 4552549, at *1 (E.D. La. Oct. 5, 2021) (Barbier, J.); *Dempster v. Lamorak Ins. Co.*, 435 F. Supp. 3d 708, 731 (E.D. La. 2020) (Brown, J.); *Schexnayder*, 2020 WL 3970159, at *3 (Milazzo, J.).

a defense that can withstand summary judgment. A colorable defense need not be "clearly sustainable[,]" and the bar is "not as high as what is necessary to survive summary judgment . . . ." *Id.* at 296 (citation omitted); *Boutte v. Huntington Ingalls Inc.*, No. CV 22-3321, 2023 WL 2367438, at *2 (E.D. La. Mar. 6, 2023) (Zainey, J.) (citing *Elie v. Ameron Int'l Corp.*, 2020 WL 2554317, *2 (E.D. La. May 20, 2020) (Vance, J.)). Second, this district has long recognized that Avondale qualifies as a "person" for purposes of removal under the federal removal statute. *See, e.g.*, *Constanza v. Sparta Ins. Co.*, 739 F. Supp. 3d 372, 383 (E.D. La. 2024) (Brown, J.). Third, Avondale's federal contracts to build and refurbish ships containing the alleged asbestos-containing products for the Navy indicate it was "acting pursuant" to a federal officer's directions. *See Latiolais*, 951 F.3d at 291. And finally, the alleged negligence in failing to warn Plaintiff, his co-workers, or Decedent about the harmful effects of asbestos exposure is "negligence [] connected [to] the installation of asbestos during the [construction and] refurbishment of" Navy ships. *Id.* at 296. These allegations satisfy the federal officer removal statute.

Plaintiff's reliance on the Supreme Court's recent decision in *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025), does not lead the Court to conclude otherwise. Two sections of this district have rejected identical arguments—that *Royal Canin* supports remand in asbestos cases against Avondale. *LeBoeuf*, 2025 WL 1403139, at *3 (E.D. La. May 15, 2025) (Vance, J.); *LeBlanc*, 2025 WL 1481961, at *3–*4 (E.D. La. May 23, 2025) (Ashe, J.). The Court agrees and finds *Royal Canin* distinguishable. *Royal Canin* implicated the general removal statute under 28 U.S.C. § 1441, not federal officer removal pursuant to § 1442. 604 U.S. at 30. There, the Supreme Court held that a court loses supplemental jurisdiction when a plaintiff amends her complaint to eliminate the federal law claims that supported removal. But "unlike the general removal statute,

6

the federal officer removal statute is to be broadly construed in favor of a federal forum." *Williams*, 990 F.3d at 859 (citation omitted). The Fifth Circuit has unambiguously set the requirements for federal officer removal in *Latiolais* and held Avondale is entitled to removal. 951 F.3d at 296–297. Moreover, a district court does not lose jurisdiction under § 1442 even if "the facts later indicate the federal defense fails." *Williams*, 990 F.3d at 863. Thus, *Royal Canin* is inapposite, binding Fifth Circuit precedent governs, and the Court must deny Plaintiff's motion to remand.

### 2. Motion for Partial Summary Judgment Regarding Government Immunity Defenses

The Court now turns to Plaintiff's motion for partial summary judgment. In line with other sections, the Court finds Avondale cannot invoke a *Boyle* or *Yearsley* immunity defense for alleged negligence in this failure-to-warn case.

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). The court must find "a factual dispute to be 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party and a fact to be 'material' if it might affect the outcome of the suit under the governing substantive law." *Voelkel McWilliams Const., LLC v. 84 Lumber Co.*, 2015 WL 1184148, at *5 (E.D. La. Mar. 13, 2015) (quoting *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989)). The party seeking summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact and all reasonable inferences are drawn in favor of the nonmoving party. *Celotex*, 477 U.S. at 323.

After the movant meets his burden, the burden shifts to the non-movant to show the

existence of a genuine issue for trial. *Gernain v. U.S. Bank Nat' Ass'n*, 920 F.3d 269, 272 (5th Cir. 2019). In doing so, the non-movant must submit "significant probative evidence" in support of his claim. *State Farm Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008). However, "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

The Fifth Circuit holds a defendant may assert a *Boyle* or "government contractor defense" in a design-defect case if "(1) the government must have approved 'reasonably precise' specifications; (2) the equipment must have conformed to those specifications; and (3) the supplier/contractor must have warned of those equipment dangers that were known to the supplier/contractor, but not to the government." *Kerstetter v. Pac. Sci. Co.*, 210 F.3d 431, 435 (5th Cir. 2000) (citing *Boyle*, 487 U.S. at 512). But for failure-to-warn claims, the Fifth Circuit has applied a "modified *Boyle* test." *Id.* at 438. Government contractors are immune from liability for the failure to warn only when "(1) the United States exercised discretion and approved the warnings; (2) the contractor provided a warning that conformed to the approved warnings; and (3) the contractor warned about dangers it knew, but the government did not." *Id.* On the other hand, the *Yearsley* defense shields government contractors from liability for "executing [the government's] will" if the contractors' work was: (1) authorized and directed by the Government

of the United States and (2) performed pursuant to an Act of Congress. *Taylor Energy Co., L.L.C. v. Luttrell*, 3 F.4th 172, 175 (5th Cir. 2021) (internal citations and quotation marks omitted). Courts have nonetheless noted it is unclear whether *Yearsley* even applies in cases of military contractors because "[t]he application of the contractor defense in the context of military-equipment manufacturers is an area of law that has [] been arguably distinguished from the general *Yearsley* defense in *Boyle*[.]" *Crossland*, 635 F. Supp. 3d at 504 (quoting *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 205 (5th Cir. 2009)).

This is far from the first time Avondale has tried to assert *Boyle* and *Yearsley* defenses. Indeed, it appears that Avondale has re-asserted near identical arguments from its opposition in previous failure-to-warn cases. *Compare* R. Doc. 61 *with Lagrange*, E.D. La., No. 23-268, R. Doc. 65; *LeBoeuf*, E.D. La., No. 24-1965, R. Doc. 121. These arguments have been uniformly rejected. No case holds Avondale can support either defense for failure-to-warn claims at summary judgment.[2] Therefore, the Court incorporates the reasoning from the recent decision in *LeBoeuf v. Huntington Ingalls, Inc.*, No. CV 24-1695, 2025 WL 744152 (E.D. La. Mar. 7, 2025) (Vance, J.), and finds Avondale cannot invoke a *Boyle* or *Yearsley* immunity defense.

In the numerous asbestos cases involving the Avondale Shipyards, the record indicates the "government [did not] have [a] hand in" the decision of whether to issue warnings related to

---

[2] *See, e.g.*, *LaGrange*, 2024 WL 4107922 (E.D. La. Sept. 6, 2024) (Barbier, J.); *Crossland*, 635 F. Supp. 3d 491 (E.D. La. 2022) (Vance, J.); *Gomez*, 2024 WL 3496523 (E.D. La. July 22, 2024) (Papillion, J.); *Adams*, 2022 WL 4016749 (E.D. La. Sept. 2, 2022) (Morgan, J.); *Legendre*, 2023 WL 1556842 (E.D. La. Apr. 10, 2024) (Fallon, J.); *LeBoeuf*, 2025 WL 744152 (E.D. La. Mar 5, 2025) (Vance, J); *Broussard v. Huntington Ingalls, Inc.*, No. CV 20-836, 2021 WL 5448795, at *3 (E.D. La. Nov. 22, 2021) (Lemmon, J.); *Matherne v. Huntington Ingalls Inc.*, No. CV 22-2656, 2024 WL 216925, at *3 (E.D. La. Jan. 19, 2024) (Barbier, J.); *Falgout v. Anco Insulations, Inc.*, No. CV 21-1443, 2022 WL 7540115, at *6 (E.D. La. Oct. 13, 2022) (Barbier, J.)

asbestos dust exposure. *See, e.g.*, *Crossland*, 635 F. Supp at 502 (quoting *Adams*, 2022 WL 4016749, at *7). "[N]o governmental discretion was exercised[.]" *Id.* Also, the Court finds Plaintiff's negligence claim against Avondale is limited to the failure-to-warn and adopt adequate safety measures. *See* R. Doc. 1-2 at p. 17. Insofar as Plaintiff attempts to expand his petition to include other conduct, such as harms for the use and storage of hazardous materials, he is not entitled to summary judgment. *See Broussard*, 2021 WL 5448795, at *3.

Avondale independently argues the Court should delay its ruling because discovery has not occurred. But Avondale does not identify, nor can the Court foresee, any new evidence it expects to uncover that would upset the well-settled fact that the government was not involved in asbestos warnings at the Avondale Shipyards. To warrant a continuance, the moving party must explain "how the additional discovery will create a genuine issue of material fact." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 413 (5th Cir. 2021) (citation omitted). For claims that have more or less been continuously litigated since the late 20th century and concern protocols from the 1960s,[3] it is hard to imagine discovery in this case will uncover new information about the federal government's role in directing warnings at the Avondale Shipyards. While discovery may be needed to determine Plaintiff's exposure and causation, Avondale does not explain how such evidence would create a genuine issue of material fact concerning the disputed immunity defenses. Avondale is therefore not entitled to a continuance. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Remand, R. Doc. 45, is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Partial Summary Judgment

---

[3] *See, e.g.*, *Gauthe v. Asbestos Corp.*, No. CIV. A. 96-2454, 1997 WL 3255, (E.D. La. Jan. 2, 1997) (discussing a near identical failure-to-warn claim brought against Avondale for asbestos exposure the Avondale Shipyards).

10

Regarding Government Immunity Defenses, R. Doc. 59, is **GRANTED**.

New Orleans, Louisiana, this 3rd day of September 2025.

                                                                  GREG GERARD GUIDRY
                                               UNITED STATES DISTRICT JUDGE