UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


JOSEPH RAYMOND STEIB, SR.,                              CIVIL ACTION

VERSUS                                                 NO: 24-2486

HUNTINGTON INGALLS, INC., et al.                       SECTION: T (5)


## ORDER AND REASONS

Before the Court are two motions for partial summary judgment: one filed by defendant Huntington Ingalls Incorporated ("Avondale") (R. Doc. 174), and another filed by defendant The Travelers Indemnity Company ("Travelers"), as an alleged liability insurer of "Avondale Shipyard" and Avondale's Alleged Executive Officers (R. Doc. 172). Each movant seeks dismissal with prejudice of Plaintiff's intentional tort and fraud claims against them, contending that Plaintiff cannot produce sufficient evidence to satisfy the elements of such claims under Louisiana law.[1] R. Docs. 172, 174. Plaintiff, Janai Steib, in her capacity as Independent Executrix of the Estate of Joseph Steib, Sr., has not filed a response in opposition to the Motion, and the time for doing so has elapsed; accordingly, the Motion is deemed to be unopposed. For the following reasons, Avondale's Motion (R. Doc. 174) and Travelers' Motion (R. Doc. 172) are both **GRANTED**.

---

[1] Travelers' Motion also seeks dismissal of Plaintiff's claims against it as an alleged insurer of six of Avondale's Alleged Executive Officers (Henry "Zac" Carter, James T. Cole, Steven Kennedy, John McCue, Ewing Moore, and James O'Donnell), who it claims were not employed by Avondale during any period that Travelers issued liability insurance policies to Avondale. R. Doc. 172. However, Plaintiff has since dismissed her claims against Travelers as an alleged liability insurer of these particular Alleged Executive Officers, R. Docs. 222, 226, and Travelers subsequently withdrew this portion of its Motion, R. Docs. 202, 204. Thus, "the only issue remaining for determination is Travelers' request for dismissal of Plaintiffs' intentional tort and fraud claims." R. Doc. 224, p. 1.

This is an alleged asbestos exposure case. Plaintiff,[2] Joseph Raymond Steib, Sr., alleges that he was exposed to asbestos during his decades-long employment with Avondale. R. Doc. 1-2, p. 14. As a result, he alleges, his wife, Elaine Weber Steib, was exposed to asbestos fibers from his work clothes and his personal vehicle, developed mesothelioma, and later died from the disease. R. Doc. 1-2, pp. 8-9, 15. Plaintiff has raised several claims against multiple defendants, including Avondale, Travelers, and Certain Underwriters at Lloyds, London ("London Market Insurers"). R. Doc. 1-2, pp. 6-7. Plaintiff's claims against Avondale include negligence, intentional tort, and fraud allegations, *id.* at pp. 19-24, and Plaintiff alleges that Travelers and London Market Insurers, as insurers of Avondale and its Alleged Executive Officers, may be held derivatively liable under Louisiana's Direct Action Statute, La. R.S. 22:1269, *id.* at pp. 6-7.

Avondale's Motion argues that summary judgment on the intentional tort claims, including fraud, is appropriate because any such claim requires "proof that the injury was consciously desired or known to be inevitable," R. Doc. 174-1, p. 6, and Plaintiff has not and "cannot prove that Avondale either: (1) consciously desired that Mrs. Elaine Steib contract mesothelioma; or (2) knew that Mrs. Elaine Steib's alleged mesothelioma was substantially certain to occur[,]" *id.* at p. 15. Travelers' Motion, meanwhile, "relies upon the legal analysis set forth in Avondale's Motion," R. Doc. 172-1, p. 3, and argues that because Plaintiff "cannot establish the essential elements of an intentional tort or fraud against Travelers' insureds, . . . their derivative claim against Travelers must be dismissed," R. Doc. 172, pp. 2-3. Additionally, defendant London Market Insurers has

---

[2] Joseph Raymond Steib, Sr. passed away on January 31, 2026. R. Doc. 181. His heirs filed a Motion to Substitute Party Plaintiffs, R. Doc. 186, which the Court granted in part, substituting Janai Steib as Plaintiff in this matter in her capacity as Independent Executrix of the Estate of Joseph Steib, Sr., R. Doc. 217.

"join[ed], adopt[ed], and incorporate[d] by reference" both Avondale's Motion and Travelers' Motion, contending that "[t]he facts, law, and arguments supporting their Motions apply equally to London Market Insurers." R. Docs. 175, 176.

The Court has reviewed the motions, the record, and the applicable law. Because both motions are unopposed and appear to have merit, the Court will grant Avondale's Motion and Travelers' Motion.

Accordingly,

**IT IS ORDERED** that Avondale's Motion for Partial Summary Judgment (R. Doc. 174) is **GRANTED** and that the intentional tort and fraud claims asserted by Plaintiff, Janai Steib, against Avondale are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Travelers' Motion for Partial Summary Judgment (R. Doc. 172) is **GRANTED** and that the intentional tort and fraud claims asserted by Plaintiff against Travelers are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the intentional tort and fraud claims asserted by Plaintiff against London Market Insurers are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 23rd day of April, 2026.

GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE

3