UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOSEPH RAYMOND STEIB, SR.,                          CIVIL ACTION

VERSUS                                              NO: 24-2486

HUNTINGTON INGALLS, INC., et al.                    SECTION: T (5)

## ORDER AND REASONS

Before the Court are two motions for summary judgment: one filed by Defendant and

Crossclaim Defendant Uniroyal, Inc. ("Uniroyal"), R. Doc. 165, and another filed by Defendant

and Crossclaim Defendant Bayer CropScience, Inc. ("Bayer"), R. Doc. 168. Defendant and

Crossclaimant Huntington Ingalls Incorporated ("Avondale") opposes both motions. R. Docs. 194,

195. Uniroyal has filed a reply in support of its motion. R. Doc. 205. The Court has considered the

parties' briefs, the record, and the applicable law. For the following reasons, both Uniroyal's

Motion (R. Doc. 165) and Bayer's Motion (R. Doc. 168) are **DENIED**.

## I. BACKGROUND

This is an alleged asbestos exposure case. Plaintiff,[1] Joseph Raymond Steib, Sr., worked

for Avondale Shipyards from approximately 1968 to 2011 as a tack welder, pipefitter, and

foreman. R. Doc. 1-2, p. 14. He alleges that, while employed by Avondale, he "used, handled,

---

[1] Joseph Raymond Steib, Sr. passed away on January 31, 2026. R. Doc. 181. His heirs filed a
Motion to Substitute Party Plaintiffs, R. Doc. 186, which the Court granted in part, substituting
Janai Steib as Plaintiff in this matter in her capacity as Independent Executrix of the Estate of
Joseph Steib, Sr., R. Doc. 217.

and/or was in the vicinity of others using and/or handling asbestos and/or asbestos-containing products" and "dangerously high levels of asbestos fibers escaped into the ambient air of the work place." *Id.* Plaintiff further alleges that his wife, Elaine Weber Steib ("Mrs. Steib" or "Decedent"), developed mesothelioma and later died from the disease because she was exposed to asbestos fibers from his work clothes and his personal vehicle.[2] R. Doc. 1-2, pp. 8-9, 15.

On August 1, 2024, Plaintiff filed a petition for damages against Huntington Ingalls Incorporated, formerly known as Avondale Shipyards Inc. ("Avondale"), and other defendants in the Civil District Court for the Parish of Orleans. R. Doc. 1-2, pp. 6-8. The petition asserts that Avondale negligently failed to provide Plaintiff with a safe place to work free from the hazards of asbestos, failed to warn Plaintiff, his coworkers, or the Decedent of the dangers of asbestos exposure, and failed to implement adequate safety measures to prevent the transportation of asbestos fibers home on Plaintiff's clothing. *Id.* at pp. 15-18, 19-25. The other named defendants in Plaintiff's petition include Uniroyal, Inc. ("Uniroyal")[3] and Bayer CropScience, Inc. ("Bayer"),[4] both of which were "sued as a seller/supplier/product/manufacturer defendant." *Id.* at pp. 7-8. In addition to general negligence allegations brought against all defendants, Plaintiff raised negligence and strict liability claims against all manufacturer/seller/supplier/contractor defendants. *Id.* at pp. 15-18. Specifically, the petition alleges that the "defective conditions" of

---

[2] Mrs. Steib was diagnosed with mesothelioma on or about April 29, 2024, and died on June 20, 2024. R. Doc. 1-2, pp. 3, 8.

[3] Uniroyal is an alleged "manufacturer of an asbestos fabric or cloth material commonly used by insulators and other crafts at Avondale." R. Doc. 194, p. 2.

[4] "Bayer has been sued as an alleged manufacturer/distributor of adhesives and mastics, which were sold under the name 'Benjamin Foster.' " R. Doc. 168-1, p. 2.

Uniroyal and Bayer's asbestos-containing products "are a cause of" Mrs. Steib's mesothelioma and subsequent death. *Id.* at pp. 18-19.

Avondale subsequently removed the action to this Court, asserting federal officer jurisdiction under 28 U.S.C. § 1442(a)(1). R. Doc. 1, p. 1. Plaintiff filed a motion to remand, R. Doc. 45, which the Court denied, R. Doc. 116. On October 31, 2024, Avondale filed crossclaims against several co-defendants, including Uniroyal and Bayer. R. Doc. 14, pp. 17, 23-24. Avondale alleges that Uniroyal and Bayer, "[a]s manufacturers and suppliers of asbestos-containing products and equipment, . . . knew or should have known that exposing Plaintiff . . . to asbestos would cause injury and, despite that knowledge, . . . did not provide proper instructions and/or warnings," thereby making them "liable for negligence, fault strict liability, and strict products liability." *Id.* at pp. 19-20, 23.

### a. *Uniroyal's Motion for Summary Judgment (R. Doc. 165)*

Uniroyal filed its motion ("Uniroyal's Motion") on February 24, 2026, seeking summary dismissal of Plaintiff's and Avondale's claims and arguing that (1) there is no evidence that Mr. Steib encountered any Uniroyal asbestos-containing product while employed at Avondale, (2) there is no evidence that Mr. Steib was exposed to dust attributable to a Uniroyal asbestos-containing product, and (3) there is no evidence that any exposure to a Uniroyal product caused or contributed to Mrs. Steib's asbestos-related disease. R. Doc. 165-1, p. 1. Since the filing of Uniroyal's Motion, Plaintiff has dismissed all claims against Uniroyal without prejudice. R. Docs. 239, 241. Accordingly, the portion of Uniroyal's Motion seeking dismissal of Plaintiff's claims against it is DENIED AS MOOT.

3

In support of its argument that Avondale's claims against it should be dismissed, Uniroyal argues that Mr. Steib did not identify Uniroyal or its asbestos cloth by brand. R. Doc. 165-1, pp. 2-3. It also contends that Mr. Steib "did not know whether any cloth material he saw in use contained asbestos, he believed the blankets used by welders were brought to the shipyard by the welders themselves from home, and he never saw insulators using asbestos cloth." *Id.* at p. 4. Therefore, Uniroyal argues, "there is no evidence that Mr. Steib worked with or around a cloth product, let alone any Uniroyal asbestos-containing cloth." *Id.* Uniroyal also argues that the presence of asbestos cloth from multiple manufacturers at Avondale weakens Avondale's contention that it is "more probable than not" that Mr. Steib was exposed to asbestos from Uniroyal products. *Id.* at p. 6. Additionally, it argues that given the alleged lack of evidence that Mr. Steib was exposed to any asbestos-containing product from Uniroyal, Avondale cannot establish that Mr. Steib brought home asbestos attributed to Uniroyal which substantially contributed to Mrs. Steib's mesothelioma. *Id.* at p. 7.

In opposition, Avondale argues that circumstantial evidence can be used to establish that the cloth on the ships aboard which Mr. Steib worked was Uniroyal cloth. R. Doc. 194, pp. 2-3. Specifically, it contends that "numerous witnesses who also worked in the engine rooms of the very ships aboard which Mr. Steib worked have testified that Uniroyal cloth was extensively used by insulators and other crafts, that use of Uniroyal cloth generated substantial amounts of airborne dust, and that those who worked in those engine rooms came into contact with the dust from Uniroyal cloth on a daily basis." *Id.* at p. 3. Avondale presents historical testimony from suppliers who identify asbestos cloth distributed to Avondale during the 1960s and 1970s as manufactured by Uniroyal, *id.* at pp. 4-5, testimony from multiple Avondale employees who state that Uniroyal

4

cloth was used "throughout the engine room" of LASH vessels,[5] *id.* at pp. 5-8, and testimony from Uniroyal's corporate representative and Avondale insulators who allege that the cutting of Uniroyal's cloth released significant levels of asbestos into the air, resulting in occupational exposures to asbestos fibers, *id.* at pp. 8-11. Additionally, Avondale argues that the testimony of its experts, industrial hygiene expert Brent Levingston and medical expert Dr. Richard Kradin—as well as Plaintiff's experts, industrial hygiene expert Kenneth Garza and medical expert Dr. Brent Staggs—establishes that Mr. Steib's alleged exposure to asbestos from Uniroyal's cloth was a substantial contributing factor to Mrs. Steib's development of mesothelioma. *Id.* at pp. 11-15. This evidence taken as a whole, Avondale argues, allows a factfinder to "reasonably conclude that people working near insulators in the engine rooms on the commercial cargo vessels at issue were routinely exposed to asbestos from Uniroyal cloth" and "that [Mr.] Steib was regularly exposed to significant levels of asbestos from that cloth." *Id.* at p. 16.

Uniroyal has replied in support, arguing that because Avondale lacks direct evidence and "rests on circumstantial evidence by way of workers with no connection to Mr. Steib," it fails to satisfy its burden to defeat the Uniroyal's Motion. R. Doc. 205, pp. 1-2. It also reiterates that Mr. Steib himself never identified Uniroyal's asbestos-containing products and that Uniroyal was never the sole supplier of cloth to Avondale. *Id.* at pp. 2-3. Further, Uniroyal highlights the lack of evidence that any of Avondale's historical witnesses worked with or around Mr. Steib, arguing that their testimony fails to link Mr. Steib's alleged asbestos exposure to Uniroyal products. *Id.* at pp. 3-8. Uniroyal's Motion is now submitted before the Court.

---

[5] "LASH vessels" refer to "lighter aboard ship" vessels. *See, e.g.*, *Bourgeois v. Huntington Ingalls Inc.*, No. CV 20-1002, 2020 WL 2488026, at *2 (E.D. La. May 14, 2020).

### b.  *Bayer's Motion for Summary Judgment (R. Doc. 168)*

Bayer also filed its motion ("Bayer's Motion") on February 24, 2026, seeking dismissal of Avondale's crossclaim against it.[6] Bayer claims that "Avondale does not have any factual or medical evidence to support the allegations that [Mrs.] Steib was exposed to respirable asbestos fibers attributable to Bayer, such that any claimed exposure was a substantial contributing factor to the development of Mrs. Steib's mesothelioma." R. Doc. 168, pp. 1-2. In support, it argues that only "some Bayer products contained asbestos" and those that did had encapsulated fibers such that "neither the application nor use of the products could cause respirable asbestos fiber to be released in sufficient quantities to cause a health hazard." R. Doc. 168-1, pp. 2-3. Additionally, Bayer points out that Mr. Steib "did not offer any testimony that he . . . worked with or around any adhesives, coatings, sealants, and/or mastics manufactured by Bayer." *Id.* at p. 4. It further contends that any historical testimony of former Avondale employees will be "of no consequence" because such individuals lack personal knowledge of Mr. Steib or his work history. *Id.* at pp. 5-6. Thus, Bayer argues, summary judgment is mandatory. *Id.* at p. 7.

In opposition to Bayer's Motion, Avondale argues that there are genuine issues of material fact concerning Mr. Steib's exposure to Bayer products that preclude the granting of summary judgment. R. Doc. 195, p. 1. Specifically, Avondale avers that Mr. Steib's testimony concerning his work, his proximity to insulators performing their work, and the testimony of both former Avondale workers and expert witnesses demonstrate these issues of material fact. *Id.* at p. 2. As with its opposition to Uniroyal's Motion, Avondale argues that circumstantial evidence may

---

[6] Because Plaintiff dismissed all claims against Bayer on October 24, 2024, *see* R. Docs. 119, 120, Bayer's Motion only seeks dismissal of Avondale's remaining crossclaim. R. Doc. 168-1, p. 1.

establish Mr. Steib's exposure to Bayer's adhesive products such as Benjamin Foster Fibrous Adhesive 81-27, which was "extensively used aboard nearly every ship built in Avondale's Main Yard during the relevant years." *Id.* at pp. 3-4. Specifically, it presents historical testimony from Avondale employees that Bayer's adhesive product was generally used by insulators aboard all of the ships, including LASH vessels. *Id.* at pp. 6-10. It also presents evidence indicating that the 81-27 product in question "becomes 'hard and brittle' after application" and "may dust when dry joints are sawed." *Id.* at pp. 5-6 (quoting R. Doc. 195-8). Additionally, Avondale avers that expert testimony establishes that Mr. Steib's exposure to Bayer products were "a substantial contributing factor" to Mrs. Steib's mesothelioma. *Id.* at pp. 10-12. Thus, Avondale argues that it has established genuine issues of material fact regarding exposure that preclude summary judgment. *Id.* at pp. 12-14. Bayer did not file a reply in support of its motion, which is now submitted before the Court.

## II. LAW AND ANALYSIS

### a. *Summary Judgment Standard*

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). A court must hold "a factual dispute to be 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party and a fact to be 'material' if it might affect the outcome of the suit under the governing substantive law." *Voekel McWilliams Const., LLC v. 84 Lumber Co.*, 2015 WL

7

1184148, at *5 (E.D. La. Mar. 13, 2015) (quoting *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989)).

When assessing whether a genuine dispute as to any material fact exists, courts "consider all of the evidence in the record but refrain from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)). Accordingly, at the summary judgment stage, courts must view the facts in the light most favorable to the nonmoving party and draw all justifiable inferences in its favor. *See, e.g.*, *Darden v. City of Fort Worth, Texas*, 880 F.3d 722, 727 (5th Cir. 2018) (quoting *City & Cnty. Of San Francisco, Calif. v. Sheehan*, 575 U.S. 600, 603 (2015); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

Of course, "unsupported allegations or affidavits setting forth ultimate or conclusory facts and conclusions of law are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (internal quotation and citation omitted). Although the movant bears the initial burden of demonstrating the absence of a genuine issue of material fact, if it can carry that burden, the nonmoving party must "go beyond the pleadings and . . . designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 323-24. This burden is not satisfied by a "metaphysical doubt as to the material facts" or only a "scintilla" of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994)). Summary judgment must thus be entered "against a party who fails to make a showing sufficient to establish the existence of an

8

element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. As the United States Supreme Court has explained, "[i]n such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322-23. Courts "do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)). Thus, "summary judgment is appropriate in *any* case 'where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant.' " *Id.* (quoting *Armstrong v. City of Dallas*, 997 F.2d 62, 67 (5th Cir. 1993)) (emphasis in original).

### b. *Genuine Issues of Material Fact Exist as to Both Motions*

Here, both Uniroyal's Motion and Bayer's Motion present similar questions: whether Avondale has produced sufficient evidence to create a genuine issue of material fact as to whether Mr. Steib was exposed to asbestos from the movants' products. Louisiana law requires a party asserting asbestos-related fault to establish by a preponderance of evidence (1) that the plaintiff was exposed to asbestos from the defendant's product and (2) that such exposure was a substantial factor in causing the alleged injury. *Abadie v. Metro. Life Ins. Co.*, 784 So. 2d 46, 89-90 (La. App. 5 Cir. 2001). This burden applies with equal force to contribution and virile share claims. *See Rando v. Anco Insulations, Inc.*, 16 So. 3d 1065, 1088 (La. 2009). Avondale, as the party seeking contribution from both Uniroyal and Bayer, bears the same burden of proof it would face as a direct claimant, and this burden may be satisfied through direct or circumstantial evidence. *Id.* at 1089.

9

The mere presence of Uniroyal and Bayer's asbestos-containing products at Avondale is insufficient on its own to establish liability. *See Benard v. Eagle, Inc.*, 1 So. 3d 588, 593-94 (La. App. 4 Cir. 2008) (reversing denial of summary judgment where sole evidence connecting plaintiff to defendant's products was testimony that defendant supplied asbestos to facility); *Lucas v. Hopeman Bros., Inc.*, 60 So. 3d 690, 702 (La. App. 4 Cir. 2011) (affirming summary judgment where evidence placed plaintiff at worksite with products from multiple suppliers but did not specifically place him around fibers emanating from that vendor's product). Evidence that does no more than place a plaintiff at a worksite where defendant's products were used, without specifically placing the plaintiff around asbestos fibers emanating from that defendant's product, is insufficient to survive summary judgment. *Prive v. Eagle, Inc.*, No. 22-84, 2023 WL 2646433, at *2 (E.D. La. Mar. 27, 2023). Thus, in reviewing Uniroyal's Motion and Bayer's Motion, the Court considers whether Avondale has designated specific facts sufficient to permit a reasonable factfinder to infer, more probably than not, that Mr. Steib encountered asbestos from the movants' products in the course of his work at Avondale. *See Celotex*, 477 U.S. at 323-24; *Delta & Pine Land Co.*, 530 F.3d at 398-99.

While Uniroyal and Bayer very well may persuade a factfinder that Avondale's chain of inferences is too attenuated to carry its burden at trial, that is not the question at the summary judgment stage. The Court must view the record in the light most favorable to Avondale, the non-movant, and draw all justifiable inferences in its favor, without weighing the evidence or making credibility determinations. *Anderson*, 477 U.S. at 255; *Delta & Pine Land Co.*, 530 F.3d at 398-99. Viewed in that light, the record would permit a reasonable factfinder to infer that Mr. Steib was exposed to asbestos from Uniroyal products because Uniroyal cloth was extensively used

throughout the engine rooms of the LASH vessels aboard which Mr. Steib worked, and multiple witnesses testified that cutting Uniroyal cloth released significant levels of airborne asbestos fibers. Likewise, a reasonable factfinder could infer that Mr. Steib was exposed to asbestos from Bayer products because its 81-27 adhesive product was extensively used aboard nearly every ship built in Avondale's Main Yard during the time Mr. Steib worked there, and Avondale has presented evidence to support the product's ability to create airborne dust. Thus, neither movant has established a complete absence of a triable issue.

Uniroyal and Bayer both argue that the circumstantial evidence presented by Avondale weakens its case. However, in asbestos cases, "[e]vidence proving exposure may be direct or circumstantial." *Williams v. Huntington Ingalls Indus.*, No. CV 19-1218, 2022 WL 425050, at *2 (E.D. La. Feb. 11, 2022) (citing *Williams v. Taylor Seidenbach, Inc.*, 849 F. App'x 440, 444 (5th Cir. 2021)). "Although circumstantial evidence must provide a reasonable amount of certainty, it need not disprove all other possible causes." *Id.* (citing *Williams*, 849 F. App'x at 445). Accordingly, the historical testimony presented by Avondale may be used to create a genuine issue of material fact. Moreover, both movants point to Mr. Steib's inability to identify their respective products by brand during his deposition in support of their arguments, but this fact is inconsequential. "[T]he plaintiff need not identify the product by name, but rather, can simply show that they were likely in proximity to the product." *Id.* (citing *Slaughter v. Southern Talc Co.*, 949 F.2d 167, 172 (5th Cir. 1991) ("[T]estimony by insulators . . . that they use defendants' product 'more frequently than any other' and that defendants' product was used 'throughout the plant' sufficiently supported a finding of exposure to defendants' product."); *Whatley v. Armstrong World Industries*, 861 F.2d 837 (5th Cir. 1988)).

The Court expresses no view on whether Avondale will ultimately carry its burden at trial. It concludes only that the record, when viewed in the light most favorable to Avondale, presents a genuine dispute of material fact as to whether Mr. Steib encountered asbestos from Uniroyal or Bayer products during his shipboard work and whether such exposures contributed to Mrs. Steib's mesothelioma. These questions are properly reserved for the jury. Therefore, both Uniroyal's Motion and Bayer's Motion are DENIED.

Accordingly,

**IT IS ORDERED** that Uniroyal, Inc.'s Motion for Summary Judgment (R. Doc. 165) is **DENIED**.

**IT IS FURTHER ORDERED** that Bayer CropScience, Inc.'s Motion for Summary Judgment (R. Doc. 168) is **DENIED**.

New Orleans, Louisiana, this 30th day of April, 2026.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE

12