UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSEPH RAYMOND STEIB, SR., | CIVIL ACTION |
| VERSUS | NO: 24-2486 |
| HUNTINGTON INGALLS, INC., et al. | SECTION: T (5) |

### ORDER AND REASONS

Before the Court is the Motion to Quash Plaintiff's Subpoena to Appear and Testify Issued to Danny Joyce (R. Doc. 280) filed by Defendant, Huntington Ingalls Incorporated ("Avondale"). Plaintiff, Janai Steib,[1] opposes the motion, R. Doc. 289, and Avondale has filed a reply in support, R. Doc. 291. Having considered the parties' briefs, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

Avondale's Motion seeks to quash a subpoena to appear and testify which Plaintiff issued to Danny Joyce, "a former Avondale employee who previously has served as a corporate representative but is now retired." R. Doc. 280, p. 2. Rule 45 of the Federal Rules of Civil Procedure requires a district court to either quash or modify a subpoena that "(i) fails to allow reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified [by the Rules]; (iii) requires disclosure of privileged or other protected matter, if no

---

[1] Plaintiff Joseph Raymond Steib, Sr. passed away on January 31, 2026. R. Doc. 181. His heirs filed a Motion to Substitute Party Plaintiffs, R. Doc. 186, which the Court granted in part, substituting Janai Steib as Plaintiff in this matter in her capacity as Independent Executrix of the Estate of Joseph Steib, Sr., R. Doc. 217.

1

exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). Here, Avondale claims that the latter applies because the subpoena is harassing and burdensome for the following reasons: (1) Mr. Joyce, who did not begin working with Avondale until 1980, has no prior knowledge of this case; (2) Mr. Joyce has not previously been deposed or asked to participate in this matter by any party, and (3) Plaintiff has no need for his live testimony. R. Doc. 280-1, p. 1. Avondale states that Mr. Joyce has addressed the substantive issues that may be relevant to this case—such as Avondale's work conditions and safety policies—in his capacity as corporate representative for Avondale in numerous past cases, and Plaintiff has designated testimony from at least seven of his previous depositions to introduce into evidence at trial in this matter. *Id.* at p. 2. Because the information provided in these prior depositions is the same sought by Plaintiff at trial, Avondale argues that "[n]othing can be gained by dragging Mr. Joyce into court." *Id.* at p. 3.

As an initial matter, Avondale has standing to move to quash. Although the subpoena is directed at a non-party, Fifth Circuit jurisprudence recognizes standing where the movant has "a personal right or privilege in the subject matter of the subpoena." *Black v. DMNO, LLC*, No. CV 16-02708, 2018 WL 488991, at *2 (E.D. La. Jan. 19, 2018) (citing *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979)). Here, the subject matter sought—the investigation Mr. Joyce conducted at Avondale's expense and direction during the course of his work as Avondale's industrial hygienist and director of safety—is one in which Avondale has a substantial personal interest. *See Smith v. Tulane Univ.*, No. CV 24-392, 2024 WL 3595455, at *3 (E.D. La. July 30, 2024) ("The Court finds that Tulane has a personal interest in internal investigation and employment-related

2

records created on its behalf. . . . Therefore, the Court finds that Tulane has standing to raise the subject Motion challenging the subpoenas.").

Next, the Court considers whether the subpoena subjects Mr. Joyce to an undue burden. "Factors to be considered when determining whether a subpoena poses an undue burden include the 'relevance of the information requested' and 'the need of the party' for the testimony." *Nautimill S.A. v. Legacy Marine Transp., LLC*, No. CV 15-1065, 2016 WL 3877977, at *1 (E.D. La. July 18, 2016) (quoting *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004)). Here, the relevance and need factors both weigh in favor of quashing the subpoena.

Regarding relevance, Plaintiff seeks Mr. Joyce's live testimony regarding "central issues in this case," including "Avondale's historical use of asbestos, its knowledge of asbestos hazards and the risk of take home/household asbestos exposures to employees' family members, and the precautions (or lack thereof) taken during the period when Mr. Steib worked at Avondale." R. Doc. 289, p. 5. Plaintiff argues that "Mr. Joyce's personal knowledge of his investigation [conducted in 1982] and what he learned therein is relevant and admissible in this case." *Id.* Plaintiff additionally offers the fact that Mr. Joyce interviewed Mike Freeman, a Walsh-Healy inspector at Avondale from "at least 67 to '69 or '70" to discover "what happened during those time frames," as an example of Mr. Joyce's personal knowledge relevant to this case. *Id.* at pp. 6-10. However, Mr. Joyce's knowledge of historical practices predating his employment at Avondale and any information obtained through his investigation or work as Avondale's corporate representative or retained expert in other litigation is not proper fact testimony. *See* Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. . . ."). Plaintiff may not convert testimony previously given

3

in an expert or corporate-representative capacity into live fact testimony in this matter merely by subpoenaing Mr. Joyce in his personal capacity.

While Plaintiff argues that she only seeks to call Mr. Joyce as a fact witness with personal knowledge, R. Doc. 289, pp. 8-9, the very topics identified by Plaintiff demonstrate that the anticipated testimony would substantially overlap with matters he learned from others in connection with Avondale-funded investigations and prior litigation. For example, any testimony Mr. Joyce could offer concerning what he learned from Mr. Freeman, whose inspections occurred before Mr. Joyce's employment at Avondale, would concern matters outside of his personal knowledge.

Next, Plaintiff has not demonstrated a sufficient need for Mr. Joyce's live testimony. As noted by Avondale, Plaintiff has already designated testimony from at least seven of Mr. Joyce's prior depositions for use at trial. R. Doc. 280-1, p. 2. Avondale has no objection to the use of such testimony within the parameters of the Federal Rules of Evidence. *Id.* at p. 4. The Court agrees with Avondale that under these circumstances, requiring Mr. Joyce—who no longer serves as a corporate representative, has not been designated as an expert, has not been deposed in this case, and has not otherwise participated in this matter—to prepare for and appear at trial would impose a burden disproportionate to Plaintiff's need for his live testimony.

Plaintiff relies on prior rulings from other sections of this Court to argue that Mr. Joyce may testify based on his personal knowledge. R. Doc. 289, pp. 6-8. However, the Court does not find these rulings to be dispositive here. For example, in *Jackson v. Avondale Industries Inc.*, Judge Fallon addressed whether certain affidavits constituted competent proof *in the context of federal officer removal*, not the admissibility of live trial testimony under Rules 602 and 802. *Jackson v.*

4

*Avondale Indus. Inc.*, 469 F. Supp. 3d 689, 698 (E.D. La. 2020) ("The Court concludes that by virtue of their positions at Avondale, both Joyce and Blanchard have the requisite personal knowledge upon which to base their discussions of the relationship between Avondale and the federal government."). That lesser jurisdictional showing does not resolve whether Mr. Joyce's proposed live testimony is admissible fact testimony at trial. Likewise, in *Rivet v. Huntington Ingalls, Inc.*, Judge Papillion denied a similar motion to quash but noted that "the capacity in which Mr. Joyce may testify and the subject matter and extent of his testimony may be limited by the Court before this witness testifies" and set a hearing regarding the nature, scope, and extent of his testimony in advance of trial. R. Doc. 289-2, p. 1 Accordingly, *Rivet* did not hold that Mr. Joyce may testify broadly regarding Avondale's historical practices, prior expert opinions, or matters learned through hearsay.

Instead, the Court finds the reasoning in *Sentilles v. Huntington Ingalls Incorporated* more persuasive and applicable to the instant matter. There, Judge Ashe granted Avondale's motion to quash a trial subpoena issued to Mr. Joyce, finding that because Mr. Joyce was "neither a designated corporate representative nor an expert witness in th[e] case, the anticipated testimony constitute[d] hearsay and [was] not based on Joyce's personal knowledge but rather on what he learned from other people for the purposes of serving as a corporate representative or expert witness in other cases." R. Doc. 280-4. That same reasoning applies here.

Finally, Plaintiff alternatively requests that, should the Court grant Avondale's motion to quash, Avondale's objections to Plaintiff's deposition designations be overruled. R. Doc. 289, p. 9. The Court declines to grant such relief. The admissibility of Mr. Joyce's prior testimony must

be determined under the Federal Rules on an objection-by-objection basis. This ruling does not resolve the admissibility of any designated prior testimony.

Accordingly,

**IT IS ORDERED** that Huntington Ingalls Incorporated's Motion to Quash Plaintiff's Subpoena to Appear and Testify Issued to Danny Joyce (R. Doc. 280) is **GRANTED**.

New Orleans, Louisiana, this 30th day of April, 2026.

GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE